```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| YVONNE FROST,<br><br>                    Plaintiff,<br><br>-against-<br><br>NYC M.T.A.; CITY OF NEW YORK (HRA),<br><br>                    Defendants. | 1:19-CV-9886 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this frivolous action. By order dated December 8, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses this action for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that a

"finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## DISCUSSION

Because of Plaintiff's history of filing frivolous and vexatious actions, by order dated November 7, 2019, the Court barred Plaintiff from filing future civil actions IFP in this Court without first obtaining from the Court leave to file. *See Frost v. New York City (HRA)*, ECF 1:19-CV-8936, 6 (S.D.N.Y. Nov. 7, 2019). Although the filing bar does not apply to this action, which was filed before the filing bar was issued, this action is not a departure from Plaintiff's pattern of frivolous and vexatious filings.

> Plaintiff alleges:
>
> Someone said "it was the perfect zip code." M.T.A. and H.R.A. are retaliating. They are not pleased. I did not go along with a side deal partial house owner-ship. I heard them say "big girls don't cry." I wrote that way of doing business was not going to fix issues but create more problems for me when I filed that order.
>
> I am holding the defendants accountable for sending me to specific/selective places to get others to steal from me. The defendants have done this through programming . . . .
>
> A couple people in a sector of government must go. The wrath of God is kindled against them. They have oppressed me and suppressed me for a very long time. They have tried to trick me – scam me out of my inheritance. They have blocked my path making it impossible for me to get ahead. They have been recreating the same problems with slight twist to frustrate me. At times[,] the defendants do things to confuse a person. They think you might have forgotten the original way it started. The defendants have been doing things to drive me insane. There are many ways to torture someone. The defendants have been torturing me with my children – withholding them from me.

(ECF 2, p. 5, 8.)

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which she can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket and note service on the docket. Plaintiff has consented to electronic service of Court documents. (ECF 3.)

Plaintiff's action is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: December 23, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge